FILED
United States Court of Appeals
Tenth Circuit

**August 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DAVID LEE DANIELS, II,

    Petitioner - Appellant,

v.

WARDEN, JOSEPH HARP
CORRECTIONAL CENTER,

    Respondent - Appellee.

No. 26-6021
(D.C. No. 5:25-CV-01085-R)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BACHARACH**, **McHUGH**, and **EID**, Circuit Judges.
_____

David Lee Daniels, II, an Oklahoma inmate proceeding pro se, requests a

certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254

habeas application. We deny a COA and dismiss this matter.

### BACKGROUND

A jury convicted Daniels of burglary, and the state court sentenced him to

35 years' imprisonment. In 2019, he filed a § 2254 application, which the district court

denied. We dismissed Daniels's appeal for lack of prosecution. *See Daniels v. Dowling*,

No. 20-6178 (10th Cir. Jan. 12, 2021) (unpublished).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2024, Daniels filed a second § 2254 application, which the district court dismissed as untimely. Also in 2024, he filed in state court an application for relief under the Oklahoma Survivors' Act (OSA), Okla. Stat. tit. 22, §§ 1090.1-1090.5, which allows a resentencing for offenders meeting certain criteria. The state district court denied the application. It appears Daniels untimely sought review by the Oklahoma Court of Criminal Appeals.

In 2025, Daniels filed in federal court another § 2254 application alleging errors in the OSA proceeding and asserting his conviction and sentence were unconstitutional. A magistrate judge recommended the district court dismiss the application as an unauthorized second or successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3) (requiring this court's prior authorization for second or successive § 2254 applications); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). Daniels objected, but the district court found the objections unpersuasive. It concluded Daniels's claims regarding the OSA proceeding were not cognizable in habeas, and his remaining claims were unauthorized second or successive § 2254 claims. Declining to transfer the application to this court for authorization, the district court adopted the recommendation, dismissed the application without prejudice, and denied a COA.

## DISCUSSION

To appeal, Daniels must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do that, he must make "a substantial showing of the denial of a constitutional right."

2

§ 2253(c)(2). Because the district court dismissed the application on procedural grounds, he must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Daniels's pro se filings liberally. *See Davis v. McCollum*, 798 F.3d 1317, 1319 n.2 (10th Cir. 2015).

> *Claims Challenging OSA Proceeding.* Daniels's § 2254 application asserted that the state district court violated his right to due process by denying his OSA application without a hearing and using an order naming a different inmate. It also asserted the state courts' handling of his OSA application violated his rights to equal protection and to petition the government. The district court held that the claims challenging the OSA proceeding were not cognizable in habeas.

No reasonable jurist would debate whether the claims challenging the OSA proceeding stated a valid claim of the denial of a constitutional right. We have held that challenges to a state's post-conviction procedures are not cognizable in a § 2254 proceeding. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings.").

3

Daniels claims that "[t]he federal question is whether the process of denial was so arbitrary as to independently violate constitutional guarantees." Aplt. Opening Br./Appl. for COA at 10. But no reasonable jurist would debate whether the errors Daniels alleges in the adjudication of his OSA application rise to the level of a federal constitutional claim. "A habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017).

*Claims Challenging Conviction and Sentence*. Daniels's § 2254 application also asserted (1) his counsel was ineffective in failing to investigate and present neurobiological evidence of brain injuries from child sexual abuse; (2) his sentence is disproportionate in violation of the Eighth Amendment given his brain injuries; and (3) the exclusion of neurobiological evidence violated his Sixth Amendment right to present a complete defense. The district court held it lacked jurisdiction to consider these claims because they were unauthorized second or successive § 2254 claims.

Daniels asserts that because the neurobiological evidence he relies on was published in 2025, his claims ripened only after his prior § 2254 application, and thus they were not second or successive claims. But as the district court observed, "[t]he argument that [Daniels's] childhood sexual abuse affected his decision-making capacity such that his sentence should be mitigated has long been available to [him]." R. at 90. As he did in the district court, before this court Daniels identifies earlier research regarding the effects of child sexual abuse to support his ineffective-assistance claim, including two publications from 2016. And he concedes, "[t]he 2025 research reinforces

4

the claim but does not create it." Opening Br./Appl. for COA at 13. No reasonable jurist would debate whether the district court erred in determining the claims were available before Daniels's earlier § 2254 applications, and therefore that they were second or successive § 2254 claims.

When presented with unauthorized second or successive § 2254 claims, a district court has discretion to dismiss them or transfer them to this court for authorization. *See Cline*, 531 F.3d at 1252. The district court chose the former course; Daniels argues it should have chosen the latter. But contrary to Daniels's assertion, the court identified the relevant factors. Particularly, it thoughtfully considered whether the claims were potentially meritorious. In light of the prior availability of Daniels's arguments and the stringent requirements for authorization, *see* 28 U.S.C. § 2244(b)(2), no reasonable jurist would debate the court's conclusion that there was "no risk that a meritorious successive claim will be lost through dismissal," R. at 92. Thus, no reasonable jurist would debate the court's decision to dismiss rather than transfer. *See Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization.").

*Notice and Opportunity to be Heard*. Daniels further asserts that the district court denied him due process by dismissing his § 2254 application without notice or an opportunity to respond. But the magistrate judge's report notified him of both the recommendation that the district court dismiss his application and his opportunity to file objections before the district court ruled. And Daniels availed himself of that

5

opportunity, filing objections that the district court considered.  Accordingly, no reasonable jurist would debate Daniels's allegation of a due process violation in the § 2254 proceeding.

## CONCLUSION

We deny a COA and dismiss this matter.  We grant Daniels's motion to proceed without prepayment of costs and fees.

Entered for the Court


Per Curiam